UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

       MEMORANDUM OPINION
       AND ORDER
       Criminal No. 17-153(2) ADM/DTS

Sean Washington,

       Defendant.

___

Sean Washington, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Sean Washington's ("Washington") Motion for Compassionate Release [Docket No. 525]. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On June 22, 2017, Washington was charged by indictment with one count of conspiracy to distribute cocaine base and heroin, and one count of being a felon in possession of a firearm. Superseding Indictment [Docket No. 184]. Washington has an extensive history of gang violence that includes drug and gun offenses and a 2005 murder conviction. Presentence Investigation Report ("PSR") ¶¶ 80, 85-88, 110-11. By the time he committed the offense in this case, Washington was using a wheelchair due to a spinal injury from a 2016 shooting. Id. ¶ 111. Washington also suffers from seizures and a traumatic brain injury after being struck by gunfire in 2009. Id.

In January 2018, Washington's counsel moved for a competency determination based on observations that Washington had difficulty remembering and understanding issues that counsel

had repeatedly explained to him about his case. Mot. Determine Competency [Docket No. 195] at 2–3. The Federal Bureau of Prisons performed a competency evaluation, and a mental competency was held. Order [Docket No. 197]; Min. Entry [Docket No. 262]. The Court found that Washington was competent to stand trial. Sealed Mem. Op. Order [Docket No. 348].

On December 21, 2018, Washington entered a plea of guilty to conspiracy to distribute 280 grams or more of cocaine base and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Min. Entry [Docket No. 350]; Plea Agreement [Docket No. 352]. In the Plea Agreement, the Government agreed to dismiss the count of felon in possession of a firearm. Plea Agreement at 1.

Washington was sentenced on April 17, 2019. Min. Entry [Docket No. 385]. At sentencing, the Court found Washington responsible for between 840 grams and 2.8 kilograms of cocaine base, and 7 grams of heroin. In addition, the Court applied a two-level firearm enhancement based on a loaded handgun that was found under the cushion of Washington's wheelchair during a search of his residence. PSR ¶¶ 42, 64. Washington's resulting advisory guidelines range was 168 to 210 months' imprisonment. Washington sought a downward departure based on an overstated criminal history and his physical and mental impairments. He also asked for a downward variance.

The Court determined that a downward variance from the low end of the guidelines range to a term of 160 months was appropriate based on Washington's limitations. Hr'g Tr. [Docket No. 408] at 17; Am. Sentencing J. [Docket No. 388] at 2. He appealed his competency determination and his sentence, and the Eighth Circuit affirmed. See United States v. Washington, 968 F.3d 860 (8th Cir. 2020).

Washington is currently incarcerated at a federal correctional institution in Butner, North Carolina ("FCI–Butner Medium II) and has completed less than half of his sentence. His projected release date is January 9, 2029. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/ (last visited Jun. 21, 2022).

Washington now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Washington, age 37, argues that he suffers from obesity, seizures, chronic pain, and mental health issues, and that he has only one kidney and is confined to a wheelchair. He contends that these medical conditions make him particularly susceptible to severe illness or death from COVID-19. Washington is vaccinated against COVID-19 but is concerned that the vaccine might not adequately protect him from new variants of the virus. He also argues that his severe physical impairments render him vulnerable to possible attacks from other prison inmates. Washington further contends that he does not pose a danger to the community and has had no disciplinary infractions since his incarceration.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under §3582(c)(1)(A) defines "extraordinary and compelling reasons" to include serious medical

conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). A catch-all provision also exists for "other reasons" that may cause a defendant's case to be extraordinary or compelling. U.S.S.G. § 1B1.13 comment n.1(D). The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2). The policy statement and its commentary are "relevant but not binding" on the Court's determination of whether extraordinary and compelling reasons exist that would warrant a sentence reduction. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Washington has satisfied the exhaustion requirement because he filed a request for release with the warden of his facility based on his medical conditions and the pandemic, and the request was denied. Def. Ex. A [Docket No. 525, Attach. 1]. His Motion is therefore ripe for review.

**A. Medical Conditions**

The Court recognizes that Washington suffers from several serious and chronic physical and mental health conditions, including obesity, kidney disease, seizures, chronic pain, and confinement to a wheelchair. However, these conditions were taken into consideration at the time he was sentenced.

Additionally, to the extent that the COVID-19 pandemic presents new challenges to Washington's health, he has been fully vaccinated against the virus. The Centers for Disease Control and Prevention ("CDC") states that FDA-authorized COVID-19 vaccines are effective against COVID-19 and its emerging variants, and that "the risk of infection, hospitalization, and death are all much lower in vaccinated compared to unvaccinated people." CDC, COVID-19, Vaccines, The Possibility of COVID-19 after Vaccination, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last visited Jun.21, 2022). As a result, Washington's health conditions amid the COVID-19 pandemic do not justify his release. See United States v. Rodriguez, No. 15-CR-254 (PJS), 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) (finding no extraordinary and compelling reasons, despite defendant's medical conditions, because defendant "is or will soon be fully vaccinated against COVID-19"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying compassionate release because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus").

**B. Sentencing Factors**

The sentencing factors in 18 U.S.C. § 3553(a) also weigh against Washington's release. The § 3553(a) sentencing factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Washington was convicted of a serious drug trafficking offense involving firearms. His 160-month sentence is already a downward variance from the bottom of the sentencing guideline

range of 168 to 210 months.  Washington's health conditions and past prison terms did not prevent him from committing the offense in this case.  Although Washington's lack of disciplinary infractions is commendable, the Court cannot conclude that he no longer poses a danger to the community.  For these reasons, the Court finds that releasing Washington after he has served less than half of his below the guidelines sentence would not reflect the seriousness of his crime, provide just punishment, or adequately protect the public.  Accordingly, a sentence reduction is not warranted.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Sean Washington's Motion for Compassionate Release [Docket No. 525] is **DENIED**.

BY THE COURT:

Dated: June 22, 2022

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT